## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSHUA TYRONE THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0123-JED-CDL |
| | ) | |
| SCOTT NUNN,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Joshua Tyrone Thomas, a state inmate appearing *pro se*,[2] brings this action under

28 U.S.C. § 2254, seeking federal habeas relief from the judgments entered against him in the

District Court of Tulsa County, Case No. CF-2012-4046.  In his petition for writ of habeas corpus

(Doc. 1), Thomas alleges his custody is unlawful because (1) the trial court committed plain error,

and violated his constitutional right to due process, by instructing the jury that state law mandated

imposition of a fine as part of his sentence for each conviction, (2) the trial court violated his

constitutional rights to due process and to be from cruel and unusual punishment by imposing a

sentence that was not authorized by state law, and (3) appellate counsel provided deficient and

prejudicial representation, in violation of his Sixth Amendment right to the effective assistance of

counsel, by failing to argue (a) that the trial court imposed a sentence not authorized by state law

---

[1] Because Thomas is incarcerated at the James Crabtree Correctional Center (JCCC), the only proper respondent is the warden of that facility.  Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.  The Court therefore dismisses the Attorney General of the State of Oklahoma from this action and substitutes the JCCC's Acting Warden, Scott Nunn, in place of the JCCC's former warden, Jason Bryant, as party respondent.  *See* Fed. R. Civ. P. 25(d). The Clerk of Court shall note this dismissal and party substitution on the record.

[2] Given that Thomas appears without counsel, the Court liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991).

and (b) that the lack of sentencing guidelines in Oklahoma leads to arbitrary punishment. Respondent Scott Nunn filed a response (Doc. 6) and provided records from state court proceedings (Docs. 6, 7, 8), and Thomas filed a reply brief (Doc. 11). Having considered the relevant records from state court proceedings, the parties' arguments, and applicable law, the Court finds and concludes that Thomas is not entitled to federal habeas relief and, therefore, denies the petition for writ of habeas corpus.

### BACKGROUND

Following a trial, a Tulsa County jury found Thomas guilty of committing first-degree rape (counts one and two), in violation of Okla. Stat. tit. 21, §§ 1114(A)(1), 1115, of making lewd or indecent proposals to a child (count three), in violation of Okla. Stat. tit. 21, § 1123(A), and of lewdly molesting a child (count six), in violation of Okla. Stat. tit. 21, § 1123(A). Doc. 7-10, O.R. vol. 1, at 38-39 [34-35], 165-68 [161-64]; Doc. 7-11, O.R. vol. 2, at 66 [228], 69 [231], 72 [234], 75 [237].[3] The jury recommended a sentence of 30 years' imprisonment and a $10,000 fine for each rape conviction and a sentence of five years' imprisonment and a $5,000 fine for each conviction involving lewd acts. Doc. 7-10, O.R. vol. 1, at 161-64 [157-60].

The trial court sentenced Thomas according to the jury's recommendations, and ordered the sentences for counts one and two to be served concurrently with each other, the sentences for counts three and six to be served concurrently with each other, and the concurrent sentences for counts three and six to be served consecutively to the concurrent sentences for counts one and two, resulting in a total sentence of 35 years' imprisonment. Doc. 7-9, Tr. Sentencing Hr'g, at 7-8. In addition, the trial court imposed a three-year term of post-imprisonment supervision as to each

---

[3] The Court's citations generally refer to the CM/ECF header pagination. However, for citations to the original record (O.R.) or transcripts of state court proceedings the Court includes original page numbers, in brackets, if those numbers differ from the CM/ECF header pagination.

2

conviction.  Doc. 7-9, Tr. Sentencing Hr'g, at 8.

Represented by counsel, Thomas filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), asserting four propositions of error.  Doc. 6-2, Aplt's Br., at 2.  As relevant to his federal habeas claims, Thomas alleged in proposition three that the trial court plainly erred, and violated his Fourteenth Amendment right to a fair trial, by instructing the jury that the punishment for each conviction was a specified term of imprisonment "and a fine of up to $10,000."  Doc. 6-2, Aplt's Br., at 2, 12-14.[4]  In an unpublished summary opinion filed April 5, 2016, the OCCA rejected each of Thomas's claims on the merits and affirmed his judgments and sentences.  Doc. 6-1, *Thomas v. State*, No. F-2015-55 (Okla. Crim. App. 2016) (OCCA Op.), at 1-5.

Proceeding *pro se*, Thomas filed an application for postconviction relief in state district court on October 5, 2016, raising four propositions of error.  Doc. 6-5, Appl., at 1-9.  As relevant to his federal habeas claims, he alleged that (1) his sentence was not authorized by state law because, under Okla. Stat. tit. 22, § 991a(A)(1)(f), "[t]he Trial Court was without jurisdiction to sentence [him] to more than two years imprisonment without including at least three years of post-imprisonment supervision by suspending a portion of the sentence" (proposition one), (2) Oklahoma's failure to adopt sentencing guidelines "leads to unconstitutionally arbitrary, unreasonable and capricious punishment" in violation of due process protections and prohibitions on cruel and/or unusual punishments, as provided in state and federal constitutions (proposition three), and (3) appellate counsel provided ineffective assistance by failing to raise the claims

---

[4] The remaining propositions of error raised by appellate counsel alleged (1) the trial court abused its discretion in denying Thomas's motion for a mistrial, (2) the trial court plainly erred in admitting evidence that Thomas previously received a suspended sentence, and (3) Thomas was deprived of his Sixth Amendment right to the effective assistance of trial counsel.  Doc. 6-2, Appellant's Br., at 2.

alleged in propositions one and three, thereby violating his Sixth Amendment right to the effective assistance of appellate counsel.  Doc. 6-5, Appl., at 2-8.[5]

In an order filed May 19, 2017, the state district court denied propositions one and three as procedurally barred, reasoning that those propositions were either waived or barred by *res judicata*. Doc. 6-6, Dist. Ct. Order, at 5.  The state district court then addressed both propositions on the merits in evaluating Thomas's claim, as asserted in proposition two, that appellate counsel was ineffective for failing to raise the claims asserted in propositions one and three.  Doc. 6-6, Dist. Ct. Order, at 5-9.  Because the state district court found the claims asserted in propositions one and three were both meritless, the state district court determined that appellate counsel was not ineffective for failing to raise those claims and thus rejected the ineffective-assistance-of-appellate-counsel (IAAC) claim asserted in proposition two.  Doc. 6-6, Dist. Ct. Order, at 8-9.

Thomas filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief in an order filed January 24, 2018.  Doc. 6-9, *Thomas v. State*, No. PC-2017-592 (Okla. Crim. App. 2018) (OCCA Order), at 1.  The OCCA addressed the merits of the claims Thomas asserted in propositions one and three and agreed with the state district court that neither claim had merit.  Doc. 6-9, OCCA Order, at 3-6.  Because the OCCA found those claims to be without merit, the OCCA also agreed with the state district court's determination that "it was not ineffective assistance for [Thomas's] appellate counsel to omit those issues from the direct appeal."  Doc. 6-9, OCCA Order, at 6.[6]

---

[5] In his fourth proposition, Thomas urged the state district court to modify his sentences based on evidence of his post-sentencing efforts at rehabilitation.  Doc. 6-5, Appl., at 8-9.

[6] As to his fourth proposition, wherein Thomas alleged his positive post-sentencing conduct entitled him to modified sentences, the OCCA found that Thomas failed to present a cognizable claim for relief under Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080.  Doc. 6-9, OCCA Order, at 6-7.

*DISCUSSION*

Under 28 U.S.C. § 2254(a), a federal court may not grant habeas relief to a state prisoner unless the prisoner establishes that "he is in custody in violation of the Constitution or laws or treaties of the United States." *See also Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). Thomas asserts three claims to challenge his state custody: (1) the trial court plainly erred, and violated his Fourteenth Amendment right to due process, by instructing the jury that state law mandated imposition of a fine for each conviction, (2) the trial court violated his Eighth and Fourteenth Amendment rights to due process and to be free from cruel and unusual punishment by imposing a sentence that was not authorized by Okla. Stat. tit. 22, § 991a(A)(1)(f), and (3) appellate counsel performed deficiently and prejudicially, in violation of his Sixth Amendment right to the effective assistance of counsel, (a) by failing to argue that his sentence was not authorized by Okla. Stat. tit. 22, § 991a(A)(1)(f), and (b) by failing to argue that the lack of sentencing guidelines in Oklahoma results in arbitrary punishment. Doc. 1, Pet., at 6-10.[7]

---

[7] In most cases, a state prisoner must file a federal habeas petition within one year of the date on which his state judgment became final, 28 U.S.C. § 2244(d)(1)(A), and, before seeking federal habeas relief, must exhaust available state-court remedies, 28 U.S.C. § 2254(b)(1)(A), by "fairly present[ing] the substance of his federal habeas claim[s] to state courts," *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). Nunn concedes that Thomas timely filed his petition. Doc. 6, Resp., at 2. Nunn contends, however, that Thomas failed to exhaust available state remedies as to any federal claims he might be attempting to assert in claims one and two because he primarily alleged state law errors in postconviction proceedings and made only passing references in state court pleadings to suggest these particular errors violated his federal constitutional rights. Doc. 6, Resp., at 9 n.4, 19 n.8. The Court will address Nunn's exhaustion arguments, if necessary, when it analyzes each particular claim.

I.      **Standard of review**

Because the record shows that the OCCA considered each of Thomas's claims on the

merits, either on direct appeal (claim one) or on postconviction appeal (claims two and three),[8] the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), guides this Court's review of

those claims. *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012).   When a state court

adjudicates the merits of a state prisoner's federal claim, a federal court may grant habeas relief

only if the prisoner first demonstrates that the state court's adjudication of the claim either

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law," 28 U.S.C. § 2254(d)(1),[9] or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding," *id.* § 2254(d)(2).  *See also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1604 (2016) (*per*

*curiam*) (reiterating that "[i]f the state courts adjudicate the prisoner's federal claim 'on the merits,'

§ 2254(d), then AEDPA mandates deferential, rather than *de novo*, review, prohibiting federal

courts from granting habeas relief" unless the prisoner makes the requisite showings under

2254(d)).

If a state prisoner's federal claim is subject to review under § 2254(d)(1), the federal court's

first task is to identify the Supreme Court precedent that governs that claim. *House v. Hatch*, 527

---

[8] For purposes of discussing the standard of review, the Court assumes without deciding that all three claims asserted in the petition present cognizable, properly exhausted federal habeas claims.

[9] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the United States Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

F.3d 1010, 1018 (10th Cir. 2008). "The absence of clearly established federal law is dispositive under § 2254(d)(1)." *Id.* However, if clearly established federal law exists, the federal court must "ask whether the state court decision is either contrary to or an unreasonable application of such law." *Id.* "A state-court decision is contrary to clearly established federal law . . . if it 'applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent.'" *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) (quoting *Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 739 (10th Cir. 2016)). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citing Webster's Third New International Dictionary 495 (1976)). Significantly, in adjudicating a federal claim the state court need not cite, or even be aware of, controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011) (explaining that AEDPA deference applies even if a state court summarily denies a federal claim because "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

A state-court decision involves an unreasonable application of clearly established federal law "if the decision 'correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'" *Fairchild v. Trammell*, 784 F.3d 702, 711 (10th Cir. 2015) (quoting *Williams*, 529 U.S. at 407-08). "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). And an unreasonable application must be "objectively unreasonable", *Williams*, 362

U.S. at 409, "not merely wrong," *White v. Woodall*, 572 U.S. 415, 419 (2014).

Unlike the inquiry under § 2254(d)(1), which focuses on the state court's legal analysis, the inquiry under § 2254(d)(2) focuses on the state court court's "determination of the facts" necessary to adjudicate the federal claim. *See House*, 527 F.3d at 1015 ("Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error."). "[W]hen a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim," the federal court must determine whether the state-court decision rests on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). Under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). A federal court must also presume the correctness of a state court's factual findings unless the petitioner rebuts the presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Ultimately, the AEDPA mandates that federal habeas courts give state-court decisions the "benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002), with respect to federal claims "already rejected in state proceedings," *Richter*, 562 U.S. at 102. Thus, when a federal claim is subject to review under § 2254(d), "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 102-03; *see also Dunn v. Madison*, 138 S. Ct. 9, 12 (2017) (clarifying that the *Richter* standard applies equally to "the state court's determinations of law and fact").

## II.     Analysis

### A.     Erroneous jury instruction on fines

Thomas contends, in claim one, that the trial court committed plain error by instructing the jury that a fine was mandatory because, for his particular crimes of conviction, state law makes the jury's decision to impose a fine discretionary.  Doc. 1, Pet., at 6; Doc. 6-2, Aplt's Br., at 12-14.[10]  Thomas argues this jury instruction error deprived the jury of the option to recommend no fine.  Doc. 1, Pet., at 6.

Thomas first raised this issue on direct appeal, arguing that the instruction was plainly erroneous in that it did not state the applicable law, and that giving the jury this instruction violated his due process rights under the state and federal constitutions.  Doc. 6-2, Aplt's Br., at 12-14.  Applying its plain-error standard of review, the OCCA found error, but concluded the error did not require reversal.  Doc. 6-1, OCCA Op., at 3-5.  The OCCA stated,

> Here, the trial court's instruction informed the jury that the punishments for all of the crimes included a fine up to $10,000, in addition to imprisonment.  The instruction did not mandate a $10,000 fine as [Thomas] argues; however, the instruction did, incorrectly, mandate a fine.

> Title 21 O.S. 2001, § 64, which permits a fine up to $10,000, applies in this case.  "Section 64 provides that in a felony case, where 'no fine is prescribed by law, the court or a jury may impose a fine on the offender not exceeding Ten Thousand Dollars ($10,000) in addition to the imprisonment prescribed.'"  *Daniels v. State*, 2016 OK CR 2, ¶ 6, ___ P.3d ___, quoting 21 O.S. 2001, § 64.

> Here, the jury chose to give fines in the amounts of $10,000 and $5,000.  There is absolutely no indication that, had a proper instruction been given, the jury would have declined to give a fine.  [Thomas], therefore, can show no prejudice.

Doc. 6-1, OCCA Op., at 4-5.  Based on this reasoning, the OCCA concluded that the alleged jury-

---

[10] Thomas's argument on this claim is not well-developed in the petition.  Doc. 1, Pet., at 6.  However, it appears that he is attempting to reassert the same claim he presented to the OCCA on direct appeal.  In furtherance of liberally construing his pleadings, the Court therefore also looks to the argument presented in his state appellate brief to understand his first claim.

instruction error did not require reversal because it did not result in a miscarriage of justice or constitute a substantial violation of a constitutional or statutory right.  Doc. 6-1, OCCA Op., at 4.

Nunn urges the Court to deny relief on this claim for three reasons.  First, he contends this claim alleges only an error of state law and thus fails to state a cognizable habeas claim.  Doc. 6, Resp., at 11-13.  Second, he contends 28 U.S.C. § 2254(d) bars relief because Thomas has not identified any clearly established federal law regarding jury instructions on fines.  Doc. 6, Resp., at 13-15.  Third, he contends that, to the extent Thomas sufficiently states a federal due-process claim based on the allegedly erroneous jury instruction, 28 U.S.C. § 2254(d) bars relief because the OCCA's decision is neither contrary to nor based on an unreasonable application of clearly established federal law.  Doc. 6, Resp., at 18.[11]

In his reply brief, Thomas asserts that this error violated his Fifth and Fourteenth Amendment rights to due process and a fair trial and allowed the jury to impose a sentence not authorized by state law, thereby violating the Eighth Amendment's prohibition against cruel and unusual punishment.  Doc. 11, Reply Br., at 4-5.

The Court agrees with Nunn that Thomas primarily presented this claim to the OCCA as one alleging an error of state law.  And this Court has no authority to redetermine whether the instruction did or did not accurately inform the jury of how to apply state law regarding the imposition of fines.  *See Eizember v. Trammell*, 803 F.3d 1129, 1145 (10th Cir. 2015) (noting that a federal habeas court may not "second-guess state courts about the application of their own laws"

---

[11] As previously noted, Nunn also contends that Thomas did not fairly present a federal due-process claim on direct appeal, rendering any federal claim asserted in claim one unexhausted. Doc. 6, Resp., at 9 n.4.  Because the record demonstrates that Thomas is not entitled to federal habeas relief on this claim, the Court finds it unnecessary to address the alleged failure to exhaust available state remedies.  *See* 28 U.S.C. 2254(b)(2) (providing that federal habeas court may disregard failure to exhaust available state remedies and deny relief on the merits).

and instead is tasked only with "vindicat[ing] federal rights"). Nevertheless, as Nunn acknowledges, when a petitioner seeks habeas review of an alleged "an alleged state-law error," it is permissible for the federal court to consider whether the alleged error "'was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Hooks*, 689 F.3d at 1180 (quoting *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002)).

Further, regardless of whether Thomas fairly presented a federal due-process claim when he raised the alleged jury-instruction error on direct appeal, the OCCA effectively treated the claim as a due-process claim when it reviewed the alleged error for plain error and determined that the instruction, while erroneous, was not sufficiently prejudicial to violate Thomas's right to due process. *See Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015) ("Oklahoma's formulation of the plain-error standard is virtually identical to the constitutional test for due process."). As a result, this Court will treat the alleged jury-instruction error as one implicating Thomas's federal due process rights and will defer to the OCCA's ruling unless its application of the federal due-process standard was objectively unreasonable. *White*, 572 U.S. at 419.

Thomas does not expressly argue that the OCCA unreasonably applied the federal due-process standard when it rejected his claim, but even made that argument it would fail. The jury convicted Thomas of violating Okla. Stat. tit. 21, §§ 1114 and 1123. These circumstances exposed him to sentencing under provisions found in Okla. Stat. tit. 21, §§ 1115 and 1123. Because neither statute's punishment provision provides for a fine, the more general criminal fine provision found in Okla. Stat. tit. 21, § 64(B) applies. Section 64(B) provides, in relevant part, that "[u]pon conviction for any felony punishable by imprisonment in jail or prison, in relation to which no fine is prescribed by law, the court or a jury may impose a fine on the offender not exceeding Ten

Thousand Dollars ($10,000.00) in addition to the imprisonment prescribed." Here, the jury was instructed that Thomas's sentence for each conviction included a term of imprisonment and a fine not exceeding $10,000. Doc. 7-11, O.R. vol. 2, 42-44 [204-06]. The jury recommended two fines of the maximum amount and two fines of half the maximum amount. Doc. 7-7, Tr. Trial vol. 3, at 174-75 [632-33]. As the OCCA reasoned, the language of the challenged jury instruction incorrectly told the jury that it must impose a fine as part of the sentence for each conviction. Doc. 6-1, OCCA Op., at 4. However, the OCCA further reasoned that any error arising from the trial court's failure to properly instruct the jury that state law did not require imposition of a fine did not result in prejudice, much less gross prejudice, because there is no indication in the record that the jury would have recommended no fines had it been properly instructed that that was an option.

Because the OCCA's application of the federal due-process standard was objectively reasonable under these circumstances, § 2254(d) bars relief. The Court thus denies the petition as to claim one.

### B.       Unauthorized sentence

In his second claim, Thomas contends the trial court lacked "jurisdiction to sentence him to more than two years imprisonment without also imposing a term of at least three years post-imprisonment supervision *by suspending a portion of the sentence*." Doc. 1, Pet., at 8 (emphasis in original). Though not entirely clear, Thomas appears to argue that, under Okla. Stat. tit. 22, § 991a(A)(1)(f), the trial court could not impose a three-year term of post-imprisonment supervision unless the court also suspended a portion of his sentence. Doc. 1, Pet., at 8-9. Thus, he argues, his sentence "is in violation of Oklahoma law and Oklahoma and federal constitutions." Doc. 1, Pet., at 8. In his reply brief, Thomas further argues that the sentencing statute "is either being intentionally and impermissibly applied or is unconstitutionally vague," and that "[f]ailure

12

to implement the state law by a State Court is a violation of federal constitutional due process of law." Doc. 11, Reply Br., at 5.

Thomas first presented this unauthorized-sentence claim in his application for postconviction relief. There, he argued that the trial court's failure to properly apply Okla. Stat. tit. 22, § 991a(A)(1)(f) deprived him "of the right to be free from multiple and/or excessive punishments" under Article II, § 9 of the Oklahoma Constitution, the Fifth Amendment to the United States Constitution, and Okla. Stat. tit. 21, § 11. Doc. 6-5, Appl., at 2. The OCCA agreed with the state district court that this claim lacked merit. Doc. 6-9, OCCA Order, at 3-4. The OCCA construed Thomas's claim as asserting (1) that the trial court did not impose post-imprisonment release, as required by the statute and, (2) alternatively, that the trial court erred by imposing post-imprisonment supervision without also suspending his sentences, as required by statute. Doc. 6-9, OCCA Order, at 3. The OCCA explained that both statutes under which Thomas was convicted mandate imposition of a term of post-imprisonment supervision under Okla. Stat. tit. 22, § 991a(A)(1)(f). Doc. 6-9, OCCA Order, at 3 & n.2 (citing Okla. Stat. tit. 21, §§ 1115 and 1123). But the OCCA rejected both parts of Thomas's "two-part argument," stating,

> Both parts of [Thomas's] Proposition I are mistaken. First, as previously noted, the District Court Clerk's Felony Docket and the transcript of Judge Kellough's pronouncement of sentence both show Judge Kellough *did order* [Thomas] subject to three (3) years of post-imprisonment supervision on his release from prison. Second, although prior to [Thomas's] offenses, the statutory 'language only authorized post-imprisonment supervision after confinement during a suspended sentence,' (*Wells v. State*, 2016 OK CR 28, ¶ 7, 387 P.3d 966, 969), effective November 1, 2007 (a date prior to [his] offenses):
>
> > [T]he Legislature amended the punishment provisions for the enumerated offenses involving sexual exploitation or sexual abuse and required that, except for persons sentenced to life or life without parole, *any person* sentenced to imprisonment for two (2) years or more for a violation of one of the enumerated statutory provisions serve a term of post-imprisonment supervision pursuant to Section 991a(A)(1)(F).

*Wells*, ¶ 8, 387 P.3d at 969 (emphasis added). Thus, since November 1, 2007, all

13

persons convicted of the enumerated sex offenses and having a sentence of two (2) years or more must serve a term of post-imprisonment supervision regardless of whether a suspended sentencing order is involved.  Consequently, neither part of [Thomas's] Proposition I finds support in the record or the applicable law. Proposition I is therefore meritless.

Doc. 6-9, OCCA Order, at 4 (emphases in original) (footnote omitted).

Nunn contends that Thomas is not entitled to relief on claim two because this claim alleges only an error of state law and, to the extent Thomas does allege a federal claim, § 2254(d) bars relief because the OCCA's decision is not contrary to or based on an unreasonable application of clearly established federal law.  Doc. 6, Resp., at 22-23.  The Court agrees that this claim is solely based on state law and thus does not present a cognizable habeas claim.[12]  Notably, federal courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).  For the reasons explained by the OCCA, each of Thomas's sentences include a term of post-imprisonment supervision as mandated by the statutes under which he was convicted and Okla. Stat. tit. 22, § 991a(A)(1)(f).  Thus, Thomas cannot show that his sentences are unauthorized by state law or otherwise subject to federal habeas review.  For that reason, the Court denies the petition as to claim two.

### C.     Ineffective assistance of appellate counsel

In his third claim, Thomas contends he was denied his Sixth Amendment right to the effective assistance of counsel because appellate counsel failed to argue (1) that the trial court erroneously applied Okla. Stat. tit. 22, § 991a when it imposed his sentence (as alleged in claim

---

[12] Given that the error alleged in claim two arises solely under state law, the Court finds it unnecessary to either address Nunn's argument that Thomas failed to exhaust this claim or analyze the claim under § 2254(d).

two of the habeas petition) and (2) that the lack of sentencing guidelines in Oklahoma leads to unconstitutionally arbitrary punishment.  Doc. 1, Pet., at 10.  Thomas argues that, had appellate counsel raised these issues on direct appeal, he would have received a reduced prison sentence. Doc. 1, Pet., at 10.

Thomas raised this same IAAC claim in his application for postconviction relief.  Doc. 6-5, Appl., at 4-5.  The OCCA evaluated this claim under the framework set forth in *Logan v. State*, 293 P.3d 969, 975 (Okla. Crim. App. 2013), and concluded that appellate counsel did not perform deficiently or prejudicially by omitting the two arguments Thomas identified because the OCCA had previously determined that neither argument had merit.  Doc. 6-9, OCCA Order, at 6.  As just discussed, Thomas raised his challenge to the trial court's application of Okla. Stat. tit. 22, § 991a(A)(1)(f) on post-conviction appeal, and the OCCA found that the trial court properly applied that statute when it imposed Thomas's sentences, including the terms of post-imprisonment supervision.  Doc. 6-9, OCCA Order, at 3-4.

Thomas also raised his sentencing-guidelines claim as an independent claim for postconviction relief,[13] and the OCCA rejected that claim on the merits before evaluating his IAAC claim.  Doc. 6-9, OCCA Order, at 5-6.  As to the sentencing-guidelines claim, the OCCA stated,

> Proposition III of [Thomas's] Application contends that the lack of "sentencing guidelines" in Oklahoma has resulted in his "punishment becom[ing] wholly arbitrary and capricious."  (O.R. 39.)  He asks that his sentences be modified, and suggests that in doing so, the Court follow the matrixes contained in the Truth in Sentencing Act that was repealed in 1999 before it was ever allowed to become effective.
>
> This proposition is also meritless.  Oklahoma has chosen to have jury sentencing.  Under that jury sentencing system, the range of punishment for an offense is set by statute and the jury is entrusted, with proper instructions, to determine what punishment within the provided statutory range is appropriate given

---

[13] In this habeas proceeding, Thomas relies on the sentencing-guidelines claim to support his IAAC claim but he does not assert it as an independent ground for habeas relief.

the evidence of the defendant's offense.  So long as the established statutory range of punishment does not violate the Eighth Amendment prohibition against cruel and unusual punishments, such jury sentencing is constitutional and does not violate due process.

Doc. 6-9, OCCA Order, at 5 (alteration in original) (footnote omitted).  The OCCA drew further support for rejecting Thomas's sentencing-guidelines claim from the following passage of *Chaffin v. Stynchcombe*, 412 U.S. 17, 21-22 (1973) (footnotes and internal citations omitted):

While much has been written on the questions whether jury sentencing is desirable and whether it is compatible with the modern philosophy of criminal sentencing that "the punishment should fit the offender and not merely the crime," this Court has never expressed doubt about the constitutionality of that practice.  The States have always enjoyed "wide leeway in dividing responsibility between judge and jury in criminal cases."  If a State concludes that jury sentencing is preferable because, for instance, it guarantees the maintenance of a "link between contemporary community values and the penal system," or because "juries are more likely to act with compassion, fairness, and understanding than the judge," nothing in the Due Process Clause of the Fourteenth Amendment intrudes upon that choice.

Doc. 6-9, OCCA Order, at 5.  Lastly, the OCCA stated that Thomas's "perception that Oklahoma is in need of "sentencing guidelines" is an argument he must address to the Legislature and not to the courts on post-conviction."  Doc. 6-9, OCCA Order, at 6.  Because the OCCA agreed with the state district court that the sentencing-guidelines claim lacked merit, it further agreed with the state district court's conclusion that appellate counsel did not perform deficiently or prejudicially by failing to raise that claim on direct appeal.  Doc. 6-9, OCCA Order, at 6.

Thomas argues, in his reply brief, that the OCCA's erroneous determination of the facts in light of the record led to an unreasonable application of clearly established federal law with respect to his IAAC claim.  Doc. 11, Reply Br., at 5-6.  Nunn disagrees and contends that § 2254(d) bars habeas relief on the IAAC claim because Thomas cannot show that the OCCA's adjudication of that claim is either contrary to or based on an unreasonable application of clearly established federal law.  Doc. 6, Resp., at 24-31.  Nunn has the better argument on this point.

The two-part analysis established in *Strickland v. Washington*, 466 U.S. 668 (1984),

16

governs the evaluation of Thomas's IAAC claim.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  As

framed in *Robbins*, a defendant alleging appellate counsel was ineffective must show counsel

performed deficiently and that, but for counsel's deficient performance, "he would have prevailed

on his appeal."  528 U.S. at 285-86.  When applying *Strickland* to consider whether appellate

counsel performed deficiently, reviewing courts "look to the merits of" the omitted issue or issues.

*Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) (quoting *Cargle v. Mullin*, 317 F.3d 1196,

1202 (10th Cir. 2003)).

> If the issue is so plainly meritorious that it would have been unreasonable to winnow it out from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance.

*Cargle*, 317 F.3d at 1202 (footnote omitted).  The OCCA's decision in *Logan* adopts this same

*Strickland*-based framework for evaluating IAAC claims.  *Logan*, 293 P.3d at 973-75.  Because

the OCCA clearly identified the correct legal principle governing the IAAC claim, Thomas cannot

show that the OCCA's decision on that claim is contrary to clearly established federal law.

Nor can he show that the OCCA's application of the *Strickland/Logan* framework was

objectively unreasonable.  The OCCA thoroughly considered the merits of each claim Thomas

identified as having been erroneously omitted by appellate counsel and found that neither claim

had merit.  More specifically, the OCCA determined that Thomas's sentences are authorized by

state law and that there is no federal constitutional mandate requiring states to adopt sentencing

guidelines.  Doc. 6-9, OCCA Order, at 3-6.  Even assuming Thomas could demonstrate that the

OCCA unreasonably determined that appellate counsel's performance was not deficient, he could

not demonstrate resulting prejudice because there is no indication that the OCCA would have

reached a different conclusion on direct appeal regarding the merit, or lack thereof, as to these

claims had counsel raised them on direct appeal.

On the record presented, the Court finds nothing objectively unreasonable about the OCCA's decision on the IAAC claim.  The Court therefore finds that § 2254(d) bars relief on that claim and thus denies the petition as to claim three.

### *CONCLUSION*

Based on the foregoing analysis, the Court concludes that Thomas has not shown that his custody, under the challenged state-court judgments, violates the Constitution or other federal law. The Court therefore denies the petition for writ of habeas corpus.  Further, because the Court is not persuaded that reasonable jurists would find the Court's assessment of Thomas's claims or its resolution of his petition debatable, the Court declines to issue a certificate of appealability as to any issues raised in the petition.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Scott Nunn in place of Jason Bryant as party respondent.

2. The Clerk of Court shall note on the record the dismissal of the Attorney General of the State of Oklahoma.

3. The petition for writ of habeas corpus (Doc. 1) is **denied**.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

ORDERED this 31st day of March, 2021.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT